IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREG R., | § | |
|            Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1976-B-BK |
| | § | |
| Social Security Administration, | § | |
|            Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the United States magistrate judge for pretrial management. This case involves the appeal of an adverse decision by the Commissioner of the Social Security Administration. Pursuant to Local Civil Rule 9.1 and the Court's December 19, 2017 Scheduling Order, Plaintiff was required to file a motion for summary judgment by January 10, 2018. Doc. 19 at 1. On February 9, 2018, the Court granted Plaintiff's untimely *Motion for Extension*, Doc. 21, ordering him to file his motion for summary judgment by March 12, 2018. Doc. 22. The Court cautioned Plaintiff that he had an obligation to comply with all court orders and procedural rules, even though proceeding without the assistance of counsel. *Id.* The deadline to file Plaintiff's motion for summary judgment has long since passed, however, and Plaintiff has failed to comply with the Court's orders or seek further extension of the time in which to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998)*. "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing

*Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  Here, Plaintiff has had ample opportunity to respond to the Court's order.  He has impliedly refused or declined to do so.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  In this instance, Plaintiff would be prevented from refiling his case because the 65-day period for filing an appeal of the administrative decision has expired.  *See* 42 U.S.C. § 405(g) (providing for judicial review of the Commissioner's final decision if the action is commenced within 60 days of receipt of the Appeals Council's letter); 20 C.F.R. § 422.210(c) (deeming the date of receipt of the notice of the denial of the request for review to be five days after the date of such notice unless there is a reasonable showing to the contrary).  Thus, dismissal of this case without prejudice would have the same effect as a dismissal with prejudice.

Federal Civil Procedure Rule 41 permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or failure to comply with a court order.  A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.  *Id.*

Here, the Court finds that there is a clear record of delay or contumacious conduct by Plaintiff.  Plaintiff is representing himself, thus, the delay (over seven months since the extended deadline for filing his motion for summary judgment) is attributable solely to him.  Moreover,

Plaintiff was well aware of his responsibility to timely file his motion for summary judgment, as evidenced by his January 31, 2018 request for an extension of the deadline to do so.  Finally, Plaintiff has apparently abandoned his case—having failed to take any additional action whatsoever since requesting that extension.  Thus, dismissal with prejudice is appropriate in this case.

For the foregoing reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE** for want of prosecution and failure to comply with court orders.

**SIGNED** on September 14, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE